## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PAULA STANSON,**

       **Plaintiff,**

                                   **CASE NO.:**

       **vs.**

**UNITED SPACE COAST**
**CABLES, INC., Florida Profit**
**Corporation**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAULA STANSON, (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant UNITED SPACE COAST CABLES, INC., (hereinafter referred as "UNITED SPACE COAST" or "Defendant"), and alleges the following:

## INTRODUCTION

1.    This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA") and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION

2.     The acts and omissions giving rise to this action occurred in Brevard County, Florida.

3.     Plaintiff was employed by Defendant in West Melbourne, Florida.

4.     Defendant manufacturers custom cable assemblies and wire harnesses.

5.     This is an action at law raises a federal question under federal law, specifically the ADA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6.     Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

7.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

8.     Plaintiff worked for Defendant from September 2019 through

January 2020.

9.     Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

10.    At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

11.    Plaintiff is protected by the ADA because, as the result of suffering a stroke, she has increased pain, therefore, either:

> a.     Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
> b.     Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
> c.     Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

12.    At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

13.    In 2020, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

14.    At all times relevant, Defendant was engaged in an industry affecting commerce.

15.    At all times relevant, Defendant was engaged in an activity affecting commerce.

16.     At all times relevant, Defendant was engaged in commerce within the meaning of 26 U.S.C. § 2611(1)

17.     At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

18.     Plaintiff was hired as a Cable Technician on or about September 2019.

19.     On or about November 4, 2019, Plaintiff noticed her hands were hurting as a result of pushing cables into the harness.

20.     Plaintiff reported this to Defendant, including the President of the Company, Kailin Krim, and others.

21.     On or about December 16, 2019, Plaintiff began to repeatedly ask for information to begin the process of seeing a doctor for her hand.

22.     Plaintiff was diagnosed with stenosing tenosynovitis, a disabling condition under the ADA.

23.     On January 29, 2020, Plaintiff was informed that her employment with Defendant was terminated.

24.     On October 12, 2020, Plaintiff filed an EEOC charge regarding her discriminatory and retaliatory termination.

25.     Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in

4

retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

26.     At the time of her termination Plaintiff was qualified for her position.

27.     At the time of her termination Plaintiff was able to perform the essential functions of her job.

28.     At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

29.     Defendant's actions constitute discrimination in violation of the ADA.

30.     Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## DISABILITY DISCRIMINATION

31.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 30 above.

32.     Plaintiff was a qualified individual with a disability.

33.     Plaintiff was perceived as disabled by Defendant.

34.     Defendant was Plaintiff's employer as defined by the ADA-AA.

35.     Defendant discriminated against Plaintiff because of her disability in violation of the ADA-AA.

36.     Defendant was Plaintiff's employer as defined by the ADA-AA.

37.     Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

38.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

39.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

40.     Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

41.      As direct, natural, proximate, and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

42.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

43.     Defendant's violation of the ADA-AA was willful.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment:

> a)      judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;

b)      judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c)      judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d)      judgment in her favor and against Defendant for punitive damages;

e)      judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f)      Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

44.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 30 above.

45.     Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADA-AA.

46.     Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

47.     As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

48.     The conduct of Defendant's management was in such reckless

disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

49.     The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment:

a)     Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b)     judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c)     judgment against Defendant for compensatory damages;

d)     judgment against Defendant for punitive damages;

e)     Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f)     Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

g)     Granting such other and further relief as the Court deems just.

## **JURY DEMAND**

Plaintiff, PAULA STANSON, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 14th day of June, 2021.

Respectfully submitted,

**_s/ Bruce A. Mount_**
Anthony Hall, Esq.
FL Bar No.: 40924
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

**_Attorneys for Plaintiff_**